UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

**RICHARD W. MARTINEZ, ET AL.**                                   **CIVIL ACTION**

**VERSUS**                                                        **NO:  07-4214-JCZ-SS**

**STATE FARM FIRE AND**
**CASUALTY COMPANY**

**ORDER**

PLAINTIFFS' MOTION TO QUASH SUBPOENAS (Rec. doc. 44)

**DENIED**

Before the undersigned is the motion of plaintiffs, Richard W. Martinez and Kathryn K. Martinez ("plaintiffs"), to quash the subpoena duces tecum issued by defendant, State Farm Fire and Casualty Insurance Company ("State Farm"), issued to the following entities: (1) Sprint Communications Company; (2) Bellsouth Corporation; (3) Capital One (formerly Hibernia National Bank); (4) the Bank of New York Mellon and Trust Company; (5) Regions Bank.[1]  The issue before the court is whether the subpoenas for documents to these third parties should be quashed because, as plaintiffs contend, the requests are irrelevant, overly broad and/or not reasonably calculated to lead to admissible evidence, and seek information with regard to privileged matters.

Plaintiffs contend that State Farm has not properly adjusted their claim for structural and contents damage to their home caused by Hurricane Katrina.  Because of the improper adjustment, plaintiffs claim extra-contractual damages for additional expenses such as the refinancing of their home in order to pay for repairs and other expenses such has utility bills.  State  Farm seeks

---

[1] Plaintiffs moved to quash the subpoena issued to the Small Business Association which has responded to the subpoena by stating that it has no responsive documents.  The motion as to the SBA is therefore moot.

production of the documents subject to the subpoena in order to test plaintiffs' contentions regarding their finances, including their ability to pay their monthly expenses. State Farm further asserts its need to verify plaintiffs' actual expenses incurred in repairing the property.

None of the third parties have filed objections to the subpoena. Rather, all objections are being asserted by plaintiffs.

Because of the plaintiffs' assertions of inadequate adjustment of their claim, the actual payments for repair are relevant to the litigation. Because of plaintiff's claim of extra-contractual damages due to their inability to pay for repairs as well as their inability to pay monthly expenses, including their mortgage, their personal finances have been placed at issue. Because plaintiffs admit that some payments for repair and living expenses were made from Mr. Martinez' law firm operating account, records relating to that account may also lead to the discovery of admissible evidence. The undersigned therefore finds that plaintiffs' contention that the records sought are irrelevant is without merit.

As to the Bank of New York Mellon Trust Company, Capital One, and Regions Bank, plaintiffs point out that State Farm did not comply with the provisions of Louisiana's Bank Privacy Statute, LSA-R.S. 6:333(b)(1) requiring personal service of the subpoena on the customer or his counsel and the submission of an affidavit at least fifteen (15) days prior to the return date. It is obvious that plaintiffs and their counsel have been served with copies of the subject bank subpoenas. However, State Farm shall comply with the provisions of LSA-R.S. 6:333 and file the required affidavits in the record. Subject to that requirement, however, the records are discoverable.

All documents are to be produced subject to a protective order similar in terms to that entered in this matter for production of State Farm's documents (Rec. doc. 49).

Subject to the terms of this order, the motion to quash is DENIED.

New Orleans, Louisiana, this 22nd day of July, 2008.

                                                      **SALLY SHUSHAN**
                                      **United States Magistrate Judge**